## ATKINS *v.* VOLMER and others.

(*Circuit Court, D. Minnesota.* October, 1884.)

1. MECHANIC'S LIEN — MORTGAGE — NECESSARY PARTIES TO A FORECLOSURE — PRIORITY OF LIENS.

   An assignee of a mechanic's lien is a necessary party to a suit to foreclose a mortgage given after the lien commenced, although the mortgagee had no knowledge of the existence of the same and the mortgage was filed of record before the commencement of statutory proceedings to enforce said lien.

2. SAME — EJECTMENT.

   A purchaser at the sale of such a mortgage by advertisement acquired no right to eject a purchaser at a sale made under final decree in proceedings to enforce the mechanic's lien, the mortgagee under above circumstances being in the position of a subsequent incumbrancer to the mechanic's lien holder.

This is an action of ejectment, and, a jury being waived, is tried by the court. The facts are briefly these: John Leavey, owner of the land in controversy, mortgaged the same to A. A. McLeod, June 14, 1877, to secure the payment of $400, due June 14, 1882. The mortgagee assigned the mortgage to the plaintiff, which was recorded January 26, 1878. On December 28, 1877, in certain proceedings commenced to enforce a lien under the mechanic's lien law of Minnesota, a judgment and decree was ordered by the court, adjudging the amount due for materials, etc., furnished in the erection of structures on the land, and decreeing the same a specific lien thereon, commencing August 22, 1876. The proceedings to enforce the lien were commenced by Hersey, Bean & Brown, making Leavey, the owner of the land, a party. The mortgagee and his assignee, the plaintiff, knew nothing of the mechanic's claim or lien, and were not served with notice of the proceedings. On default on the conditions and terms of the mortgage, it was foreclosed by advertisement, and the land described therein sold June 18, 1879, and purchased by the assignee and owner of the mortgage, and the title acquired by the sale perfected in the purchaser. No notice was served upon the mechanic's lien holder, whose judgment was entered of record previous to the first publication of the notice of foreclosure. A final decree in the suit to enforce the mechanic's lien was entered, confirming the purchaser's title by virtue of the sale to enforce the lien

*S. L. Pierce*, for plaintiff.

*Castle & Castle* for defendants.

NELSON, J. The foreclosure of the mortgage by advertisement did not effect the mechanic's lien, and the plaintiff's title acquired at the sale was subject to the claim of Hersey, Bean & Brown, who enforced the lien. The defendant Volmer, who succeeded to their title, took possession of the premises soon after his purchase, and is at least in the situation of a mortgagee in possession by permission of the mortgagor. Although the plaintiff's mortgage was filed of record previous to the commencement of the proceedings to enforce the lien

of defendant's grantors, it did not thereby take precedence as a prior lien. The mechanic's lien operated as such from the time of furnishing the materials, which commenced August 22, 1876, and the statutory steps necessary to complete and perfect it being pursued, the plaintiffs acquired, by foreclosure of the mortgage and purchase at the sale, no right to eject the defendant Volmer from the premises. The plaintiff in this case, standing in the position of a subsequent incumbrancer to the lien of the defendant Volmer's grantors, which has never been paid, is not entitled to recover in this proceeding. It is not necessary to decide at this time whether a bill to redeem will lie. The cases cited from Indiana and Illinois are not decisive of an interpretation of the mechanic's lien law of Minnesota. The objections of the plaintiff to the validity of the proceedings, etc., taken at the trial, are overruled.

Judgment will be entered in favor of the defendants.